

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2007

# Levine v. NJ Dept Comm Affairs

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3471

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Levine v. NJ Dept Comm Affairs" (2007). *2007 Decisions.* Paper 1330.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1330

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3471
_____

BENJAMIN LEVINE,

Appellant

v.

NEW JERSEY STATE DEPARTMENT OF COMMUNITY AFFAIRS;
Bureau of Rooming and Boarding Homes; RAYMOND KLAMA,
Enforcement Officer; CITY OF NEW BRUNSWICK; JOHN LYNCH,
Mayor; MICHAEL GUPKO, Inspector; THOMAS FLYNN; BERNARD
SCHRUM, Inspector

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-05570)
District Judge: Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
April 2, 2007

Before:    SLOVITER, MCKEE AND AMBRO, Circuit Judges.

(Filed   April 10, 2007 )

_____

OPINION

_____

PER CURIAM

Benjamin Levine appeals from the orders of the United States District Court for the District of New Jersey granting summary judgment to the defendants, denying his motion for a new trial, and granting defendants' motion for sanctions. The district court determined that all of Levine's claims were barred by the statute of limitations. For the following reasons, we will affirm the judgment of the district court.

Levine filed his complaint on November 18, 2002. Levine's troubles began long before that, in 1984, when the boarding house he owned and operated was inspected by the defendant New Jersey Department of Community Affairs, Bureau of Rooming and Boarding Homes ("the Department"), which cited him for several violations and a financial penalty. In 1985, defendant Raymond Klama, the chief enforcement officer with the Bureau, sent an allegedly fraudulent inspection report to Levine. The Department issued another inspection report in December 1985, and the parties negotiated a settlement in October 1986.[1] A week later, the City Building Inspector, defendant Michael Gupko, issued a letter notifying Levine that his property had been condemned. Levine alleges that Gupko was not a licensed inspector, that he had conspired with Klama to condemn the property without just cause, and that Mayor John Lynch approved of the fraud and conspiracy. After the building's residents moved out two months later, a series

---

[1] When Levine did not pay the settlement amount, the Department secured a lien on Levine's residence. Levine paid the settlement amount in 1990 or 1991.

of fires severely damaged the building. Levine attempted to secure permits to rebuild after the fires, but a City construction official–defendant Bernard Schrum–would not approve the necessary permits to rebuild. In the meantime, the City issued fines for costs of relocating residents, "board up" fines, and a notice to abate a violation of allowing rubbish to accumulate in the yard.

In 1996, defendant Thomas Flynn, a building code and zoning officer for the City, ordered Levine's property to be demolished. The City placed a lien against the remaining property for approximately $18,000 with interest. Two years later, the City filed an in rem complaint for foreclosure against Levine for unpaid penalties, fines, taxes and interest, which exceeded the value of the land. The state court granted summary judgment in the City's favor in 2002.

In 2002, Levine filed his complaint under 42 U.S.C. § 1983 in the district court and claimed that the defendants defrauded and/or conspired against him in the condemnation of the boarding house.[2] He maintained that the condemnation and the penalties, fines and liens that had been levied upon his property were tantamount to an unlawful taking. He also claimed that officials fraudulently condemned his property and concealed their fraud. The district court concluded that Levine's claims were barred by the statute of limitations, and for the most part we agree.

---

[2] This is not the first time Levine has filed a lawsuit concerning the property. In 1992, he filed an action in state court challenging the penalties and condemnation. The state court denied his claims in September 1994 and June 1995 before trial.

Our review of the district court's orders granting summary judgment is de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The statute of limitations for any § 1983 claim is the forum state's limitations statute for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In this case, the applicable statute of limitations is New Jersey's two-year statute of limitations for personal injury actions under N.J.S.A. 2A:14-2. See Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

First, Levine's property was condemned in 1986, and his subsequent dealings with the Department and Klama, a Department employee, ended in 1990. Any § 1983 lawsuit that Levine wished to file based upon the Department's and Klama's actions should have been filed many years ago, and those claims are clearly time barred now.

We also hold that the grant of summary judgment to the remaining defendants (the so-called "City defendants") was appropriate, although we differ from the district court as to the reasons for granting judgment on Count IX of the complaint. As the district court noted, the same two-year statute of limitations applies to the claims based upon the actions by the City defendants. On appeal, Levine claims that he "had no real loss of his house or property until 1996" (apparently referring to when his house was demolished), and that "[t]he gist of [his] Complaint is only license fraud," which his attorney discovered in 1998 by reviewing Gupko's depositions. We conclude that these statements constitute after-the-fact rationalizations by Levine made in an attempt to avoid application

4

of the statute of limitations, because his complaint did not fairly allege these points. Even aside from that, assuming, arguendo, that these events provided viable accrual dates, 1996 and 1998 precede the filing of this complaint by at least six and four years, respectively, and that is still far outside the two-year statute of limitations for § 1983 actions in New Jersey. See, e.g., Cito, 892 F.2d at 25.

We reject Levine's argument that he did not know enough about the alleged fraud or conspiracy to file an action until 1998, when he learned that Gupko was not licensed.[3] Levine also did not present any viable grounds for equitable tolling. While fraudulent concealment may warrant equitable tolling in some cases, that principle does not apply here. Levine did not show that officials engaged in affirmative acts of concealment designed to mislead him about the facts of his claims. Forbes v. Eagleson, 228 F.3d 471, 486-87 (3d Cir. 2000).

Finally, Levine argues that his takings claim for the City's foreclosure on his

---

[3] Levine's complaint belies this point because he recited numerous instances where he knew of or suspected fraud and/or conspiracy by the defendants as early as 1985. (See Dist. Ct. Op. at 8-9.) This is not a case where a plaintiff did not know or have reason to know of facts establishing that he had been injured by another. Baer v. Chase, 392 F.3d 609, 622 (3d Cir. 2004). Accordingly, because we do not believe that the discovery rule is applicable, Levine's argument that New Jersey's 6-year statute of limitations (presumably under N.J.S.A. 2A:14-1 for tortious injury to property) should apply does not help him here, either. Assuming he had provided a federal claim "of sufficient substance" such that a federal court could exercise pendant jurisdiction over state law claims, those claims would nonetheless be time barred under state law. See Cito, 892 F.2d at 25.

property just became ripe when the state court granted summary judgment to the City in 2002. Even if that were true, that claim (Count IX) would be barred from federal court review because of the issue preclusion doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (noting that "the Full Faith and Credit Act requires a federal court to give the same preclusive effect to a state-court judgment as another court of that State would give"). Issues are precluded from federal court review where they have been actually litigated and determined adversely to the party against whom issue preclusion is asserted. See New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Board of Higher Education, 654 F.2d 868, 876 (3d Cir. 1981). In his federal court complaint, Levine asserted that the City violated his civil rights by wrongfully foreclosing on the property where the liens and assessments against him were improperly calculated and invalid. However, the validity of the liens and assessments has already been the subject of two previous lawsuits in state court–one filed by Levine in 1992 and the in rem foreclosure action filed by the City in 1998. In fact, the state court held a hearing on July 3, 2002, to specifically determine the validity of the liens and assessments against Levine. Ultimately, the state court found that the City was entitled to foreclose on the property. This issue has, without question, been "actually litigated and decided." Melikian v. Corradetti, 791 F.2d 274, 279 (3d Cir.

1986).[4]

We will affirm the district court's orders granting summary judgment to the defendants.[5]  Levine's motion to file a reply brief out of time and for leave to file an overlength brief is granted.

---

[4] The other defendants who acted on the City's behalf were not plaintiffs in the in rem foreclosure action, but Levine is likewise precluded from re-litigating the issue against them too.  See Melikian, 791 F.2d at 277-78.

[5] Although Levine's notice of appeal references the July 11, 2006 order wherein the district court granted the City defendants' motion for sanctions, Levine did not brief it and the issue is waived on appeal.  See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).